UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN TOMLINSON. | ) | Case No. 5:13CV1808 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | **Report and Recommendation** |
| | ) | **of Magistrate Judge** |
| Respondent. | ) | |

On August 12, 2013[1], Petitioner Darren Tomlinson ("Petitioner"), acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  ECF Dkt. #1.  Petitioner seeks relief for alleged constitutional violations that occurred in the Summit County, Ohio Court of Common Pleas, during his jury trial and conviction for two counts of possession of cocaine with criminal forfeiture specifications, three counts of having weapons while under disability and one count of possession of criminal tools.  On November 8, 2013, Respondent Margaret Bradshaw, Warden of Richland Correctional Institution, filed an answer/return of writ. ECF Dkt. #6.  Petitioner filed a traverse on November 25, 2013.  ECF Dkt. #7.

On December 12, 2013, Petitioner filed a motion to amend his federal habeas corpus petition, attaching a copy of a November 8, 2013 journal entry which showed that he was resentenced by the trial court on September 30, 2013.  ECF Dkt. #8-1.  Petitioner indicated that while the original sentencing judgment had been vacated, "[n]one of the facts or circumstances have changed in relation to Petitioner's original petition per the new entry." *Id*.  The undersigned granted Petitioner's unopposed motion.

For the following reasons, the undersigned recommends that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice:

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

## I.    **SYNOPSIS OF THE FACTS**

The Ninth District Court of Appeals of Ohio set forth the relevant facts on direct appeal.

These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1);

*Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999):

> Officers from Akron's Street Narcotics Uniform Detail ("SNUD") gained intelligence from federal officials that a residence located at 1373 Gurley Circle contained both drugs and weapons. On the morning of August 6, 2010, SNUD officers began surveilling the residence. They observed two vehicles stop at the residence within a relatively short timeframe and ultimately conducted traffic stops on both vehicles once they left the area. The driver of the first vehicle was Symphone Smith. Because Smith had an outstanding warrant, the police arrested her. After arresting Smith and transporting her to jail in the police paddy wagon, the police discovered a discarded bag of crack cocaine in the paddy wagon as well as crack cocaine crumbs on the seat where Smith had been sitting. The information that Smith had concealed crack cocaine was relayed to the officers surveilling the Gurley Circle residence.
>
> Meanwhile, officers stopped the second vehicle leaving the Gurley Circle residence and identified the driver as Smith's father. Not long after the second stop occurred, officers surveilling the residence observed an individual, later identified as Tomlinson, emerge from the residence carrying a large garbage bag. Tomlinson deposited the bag into a garbage can in the driveway. Believing that Tomlinson had received word that the police were nearby and was attempting to destroy evidence, SNUD officers immediately sought a warrant to search the residence.
>
> While a warrant was being obtained, Tomlinson and another individual left the Gurley Circle residence on foot and proceeded to walk down the street. Officers stopped Tomlinson and conducted a *Terry* frisk. Fearful that other individuals might still be in the residence and either destroy more evidence or present a safety issue, several officers gained entry to the residence and quickly swept the house for other individuals. Once officers confirmed that the house was empty, they awaited further instructions. A short period of time later, a warrant was obtained and a search ensued. The search uncovered multiple firearms as well as powder and crack cocaine. In particular, officers found two handguns, a sawed-off shotgun, and crack cocaine in the bag that Tomlinson placed in the garbage can outside the house. Tomlinson told the officers at the scene that the drugs were not his. He stated that he merely disposed of the items after receiving a phone call telling him to remove the drugs and firearms from the house.

ECF Dkt. #6-15 at 1-2.

## II.    **PROCEDURAL HISTORY**

### A.    **State Trial Court**

On August 19, 2010,  the Summit County Grand Jury indicted Petitioner on two counts of

cocaine possession in violation of Ohio Revised Code ("ORC") § 2925.11(A)(C)(4), with criminal

forfeiture specifications; two counts of trafficking in cocaine in violation of ORC § 2925.03(A)(C)(4) with criminal forfeiture specifications; three counts of having weapons while under disability in violation of ORC § 2913.02(A)(1)/(4); and one count of possessing criminal tools in violation of ORC § 2923.24.  ECF Dkt .#6-3.

On October 19, 2010, Petitioner, through counsel, filed a motion to suppress all evidence resulting from the search of the premises where he was arrested.  ECF Dkt. #6-4 at 1.  Petitioner asserted that the police had no search warrant and no probable cause existed to allow them to enter the premises.  *Id*. at 2.  Petitioner asserted that no consent was given to enter the property and police forced their way in using an illegally obtained key that they retrieved off of his person when they conducted a *Terry* search of him after he left the residence.  *Id*. at 3; ECF Dkt. #6-5 at 3-4, 23.  The trial court held a suppression hearing and received testimony.  ECF Dkt. #s 6-5, 6-6.  The court thereafter denied the motion to suppress.  *Id*. at 6-6 at 90-91.

The matter proceeded to trial and on March 23, 2011, the jury convicted Petitioner of both counts of cocaine possession with the criminal forfeiture specifications, two counts of having weapons while under disability, and one count of possessing criminal tools.  ECF Dkt. #6-7.  The jury found Petitioner not guilty on both counts of trafficking in cocaine.  *Id*.  The court journalized the verdict on April 13, 2011.  *Id*.

On April 21, 2011, the court held a sentencing hearing and sentenced Petitioner to a total of 11 years of prison.  ECF Dkt. #6-8.  The court further sentenced Petitioner to a mandatory period of 3 years of post-release control, fined him $2,500.00 plus the costs of prosecution and attorney fees, and ordered the forfeiture of money and property.  *Id*.

**B.**  **Direct Appeal**

Petitioner, through new counsel, filed an appeal of his conviction to the Ninth District Court of Appeals.  ECF Dkt. #6-12.  In his brief, Petitioner set forth the following assignments of error:

> I.  THE TRIAL COURT REPEATEDLY DENIED MR. TOMLINSON THE RIGHT TO CONFRONT AND CROSS-EXAMINE THE STATE'S WITNESSES, A FAIR TRIAL, AND DUE PROCESS OF LAW, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE 1, §§ 10 AND 16 OF THE OHIO CONSTITUTION.

II.     THE TRIAL COURT ERRED IN DENYING TOMLINSON'S MOTION FOR A MISTRIAL, VIOLATING HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL WHEN THE STATE'S WITNESS INTENTIONALLY ENGAGED IN MISCONDUCT BY TESTIFYING ABOUT EVIDENCE THE TRIAL COURT HAD PREVIOUSLY SUPPRESSED.

III.    THE TRIAL COURT ERRED IN ALTERING THE FORENSIC LABORATORY REPORT WITHOUT SOME TESTIMONY THAT THE ALTERATION WAS PROPER.

IV.     THE TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING THE STATE TO PLAY AN ALLEGED INCRIMINATING JAIL TELEPHONE RECORDING OF THE CO-DEFENDANT SYMPHONE SMITH BECAUSE THE RECORDING WAS NEVER PROPERLY AUTHENTICATED AS REQUIRED BY OHIO RULE OF EVIDENCE 901(B)(5) IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

V.      THE CUMULATIVE ERRORS COMMITED[sic] DURING TOMLINSON'S TRIAL RENDERED TOMLINSON'S TRIAL FUNDAMENTAL[sic] UNFAIR IN VIOLATION OF THE DUE PROCESS CLAUSE.

ECF Dkt. #6-13 at 5.  The State filed an appellate brief on October 17, 2011.  ECF Dkt.#6-14.

On March 30, 2012, the Ohio appellate court addressed Petitioner's assignments of error and affirmed Petitioner's conviction and sentence.  ECF Dkt. #6-15.

**C.     Supreme Court of Ohio**

In order to be timely under Ohio Supreme Court Rule of Practice 7.01(A)(1)(a), a notice of appeal must be filed within forty-five days of entry of the appellate judgment for which review is sought. Ohio Sup.Ct. Prac. R. 7.01(A)(4).  On August 17, 2012, Petitioner, pro se, filed a notice of appeal and a motion to file delayed appeal in the Ohio Supreme Court.  ECF Dkt. #s 6-18, 6-19.  In the motion, Petitioner conceded that more than forty-five days had elapsed since the Ninth District Court of Appeals's decision was journalized. ECF Dkt. #6-19 at 1.  However, he argued that extraordinary circumstances existed for his delayed filing because his appellate counsel told him that counsel would file a notice of appeal to the Supreme Court of Ohio.  *Id*. at 2.  Petitioner explained that while he was waiting for his appellate counsel to file that appeal, he filed an application for reopening with the Ohio appellate court.  *Id*.  Petitioner indicated that the Ohio appellate court denied his application for reopening on July 10, 2012, while he was still waiting to hear from his appellate counsel regarding the appeal to the Ohio Supreme Court.  *Id*.  Petitioner stated that after

-4-

he waited over four months to hear back from appellate counsel about the appeal to the Ohio Supreme Court, he had his family check the court's docket and then he checked the docket himself and discovered that counsel never filed the appeal.  *Id.* at 3.

On October 10, 2012, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal.  ECF Dkt. #6-20.

### D.    Post-Conviction Petition

On October 5, 2011, while his direct appeal was pending, Petitioner pro se filed a post-conviction petition in the trial court.  ECF Dkt. #6-29.  Petitioner advanced the following grounds for relief:

> A.    I was deprived of my his[sic] right to the effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, Ohio Constitution because my trial counsel failed to file a motion to reveal the identify[sic] of the confidential informant and ultimately challenge the truth and veracity of [sic] was the search warrant.

> B.    I was deprived of my his[sic] right to the effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, Ohio Constitution because my trial counsel failed to move to bifurcate the trial so that the state could not use my prior drug conviction to prove the weapons under disability charge.

ECF Dkt. #6-29.  The State filed a motion to dismiss the petition, asserting that Petitioner's grounds for relief were barred by res judicata because they appeared on the record and could be raised on direct appeal.  ECF Dkt. #6-30.

### E.    Rule 26(B) Application for Reopening

On June 21, 2012, before he filed his motion for delayed appeal to the Supreme Court of Ohio, Petitioner, pro se, filed an application for reopening in the Ohio appellate court pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  ECF Dkt. #6-21.  In his accompanying affidavit in support of his Rule 26(B) application, Petitioner asserted that he was denied the effective assistance of appellate counsel when appellate counsel failed to advance multiple errors in the appellant's brief that counsel filed on Petitioner's behalf.  *Id.* at 16.  Petitioner asserted that appellate counsel failed to advance the following assignments of error:

> 1.    TOMLINSON'S CONVICTIONS FOR POSSESSION OF COCAINE AND HAVING WEAPONS WHILE UNDER DISABILITY, WAS BASED ON

INSUFFICIENT EVIDENCE, WHERE THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT TOMLINSON "ACTUALLY OR CONSTRUCTIVELY" POSSESSED COCAINE OR WEAPONS.

2. THE CONVICTION AND SENTENCE FOR COUNT ONE POSSESSION OF CRACK COCAINE WAS BASED ON INSUFFICIENT EVIDENCE THEREBY VIOLATING APPELLANT'S RIGHT TO DUE PROCESS.

3. THE TRIAL COURT ERRED BY FAILING TO MERGE TOMLINSON'S CONVICTIONS AND SENTENCES FOR COUNT TWO: POSSESSION OF COCAINE AND COUNTS FIVE, SIX AND SEVEN: HAVING WEAPONS WHILE UNDER DISABILITY, WHEN THE CONVICTIONS RESULTED FROM THE SAME TRANSACTION, THEREBY VIOLATING APPELLANT'S RIGHT TO THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

4. THE ORDER OF FORFEITURE OF THE $14,730.00 FOUND IN THE HOUSE AND THE THREE TELEVISIONS WERE BASED ON INSUFFICIENT EVIDENCE, THEREBY DEPRIVING TOMLINSON OF HIS PROPERTY IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION.

5. THE TRIAL COURT VIOLATED TOMLINSON'S UNITED STATES CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION, WHEN IT IMPOSED COURT COST IN THE SENTENCING ENTRY WITHOUT PREVIOUSLY HAVING ADDRESSED THE ISSUE WITH TOMLINSON AT THE TIME OF SENTENCING.

6. TRIAL COUNSEL WAS INEFFECTIVE FOR NOT COMPELLING SPECIAL AGENT DAN WEHRMEYER AND BOTH INFORMANTS TO APPEAR AT TRIAL, THEREBY VIOLATING TOMLINSON'S RIGHT TO CONFRONT HIS ACCUSERS.

*Id.* at 5.

On June 25, 2012, Petitioner filed a motion for leave to file an amended application for reopening. ECF Dkt. #6-22. As cause, Petitioner explained that his appellate counsel delayed sending the jury verdict forms and he did not receive said forms until after he had placed the original application for reopening into the mail. *Id.* Petitioner attached a copy of his amended application for reopening, which contained the following assignments of error:

1. The Trial Court Erred In Receiving Verdicts Which was Patently Incorrect In That The Verdicts Failed To Set Forth The Elements Of The Offenses In The Verdict Forms And Therefore The Verdicts Failed To Charge An Offense.

2. Counsel Was Ineffective For Stipulating To The Fact Of A Prior Conviction Thereby Relieving The State Of Its Burden Of Proof, When The State Merely Presented A Certified Copy Of A Judgment Of Conviction With An Individual With A Similar Name As The Appellant.

  3.  Tomlinson's Convictions For Possession Of Cocaine and Having Weapons While Under Disability, Was Based on Insufficient Evidence.

  4.  The Conviction for Count 1: Possession of Crack Cocaine Was Based on Insufficient Evidence, Thereby Violating The U.S. Due Process Clause.

  5.  The Trial Court Violated Tomlinson's Right To Be Free From Double Jeopardy When It Imposed Sentence For Allied Offenses.

  6.  The Order of Forfeiture Was Based on Insufficient Evidence.

  7.  The Trial Court Violated Tomlinson's Right to be Present at Sentencing When it Imposed Sanctions In The Judgment Entry But Not at Sentencing.

  8.  Trial Counsel Was Ineffective For Not Compelling Special Agent Dan Wehrmeyer and Both Informants To Appear At Trial, Thereby Violating Tomlinson's Right To Confront His Accusers.

ECF Dkt. #6-23.

On July 10, 2012, the Ohio appellate court granted Petitioner's motion for leave and considered his amended application for reopening. ECF Dkt. #6-24. The Ohio appellate court then addressed Petitioner's assignments of error and rejected all of them except the assertion that his appellate counsel was ineffective in failing to advance the issue that the trial court failed to inform Petitioner at the sentencing of his obligation to pay costs. *Id*. at 5-6. The court granted Petitioner's amended application for reopening only on that issue and reinstated Petitioner's appeal. *Id*. at 6.

On August 22, 2012, new counsel for Petitioner filed an "appeal upon reopening." ECF Dkt. #6-25. The sole assignment of error advanced was that Petitioner was denied the effective assistance of trial counsel and appellate counsel. *Id*. at 4. On October 1, 2012, counsel for Petitioner filed an appellate brief, asserting the following assignments of error:

  1.  THE TRIAL COURT ERRED BY FAILING TO PROVIDE DUE PROCESS AS OUTLINED IN OHIO RULES OF CRIMINAL PROCEDURE RULE 43(A) BY IMPOSING AN ADDITIONAL SENTENCE OF COSTS IN ITS SENTENCING ENTRY, BUT NOT IN OPEN COURT.

  2.  THE TRIAL COURT DENIED MR. TOMLINSON HIS RIGHTS UNDER O.R.C. § 2929.19(B) AND TO DUE PROCESS UNDER THE OHIO AND UNITED SATES[sic] CONSTITUTIONS AND ABUSED ITS DISCRETION BY IMPOSING A FINE WITHOUT INQUIRING INTO THE ABILITY TO PAY WITHOUT UNDUE HARDSHIP.

  3.  THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT FOLLOWING O.R.C. § 2947.23 IN GIVING MANDATORY NOTIFICATIONS TO DEFENDANT OF BOTH THE POTENTIAL FOR

-7-

AN ORDER OF COMMUNITY SERVICE AND SUBSEQUENT CREDIT TOWARDS THE JUDGMENT AWARDED FOR COSTS.

ECF Dkt. #6-26 at 4.  The State filed a responsive brief.  ECF Dkt. #6-27.

On August 14, 2013, the Ohio appellate court vacated its prior decision and reversed.  ECF Dkt. #6-28.  The court indicated that it had reviewed the record and concluded that Petitioner's appellate counsel had deficiently performed.  *Id.* at 2.  The court agreed with Petitioner's assignments of error arguing that the trial court erred by failing to comply with ORC § 2947.23 in imposing costs because the court failed to notify him that he was required to pay costs and the consequences of not paying costs.  *Id.*  The appellate court therefore reversed the trial court's order imposing costs and remanded the case for the trial court to properly impose costs according to ORC § 2947.23(A)(1).  *Id.* at 3.  The Ohio appellate court also found merit to Petitioner's assertion that the trial court erred by imposing a mandatory financial sanction of $2,500.00 without determining whether he could pay that sanction.  *Id.* at 4-5.  The Ohio appellate court sustained Petitioner's assignments of error and remanded the case back to the trial court.  ECF Dkt. #6-28 at 6.

**F.**     **Petitioner's Motion for Application of Ninth District Court of Appeals Case Authority Involving Merger of Allied Offenses**

On August 27, 2013, Petitioner filed a Motion for Application of Ninth District Court of Appeals Case Authority Involving Merger of Allied Offense.  ECF Dkt.#6-31.  The State filed a response, asserting that because the Ohio appellate court in Petitioner's case remanded the matter for specific issues, Petitioner could not raise new issues concerning allied offense.  ECF Dkt. #6-32.

**G.**     **Resentencing**

On November 8, 2013, the Summit County Court of Common Pleas filed a journal entry indicating that it had resentenced Petitioner in accordance with the Ohio appellate court's remand order.  ECF Dkt. #8-1.

**III.  28 U.S.C. § 2254 PETITION**

Petitioner filed the instant *pro se* petition on August 12, 2013. ECF Dkt. #1.  Petitioner presents the following grounds for relief:

> **GROUND ONE:**     **COMPLETE DENIAL OF CROSS-EXAMINATION OF CRUCIAL WITNESSES, IN**

**VIOLATION OF SIXTH AND FOURTEENTH AMENDMENTS.**

**Supporting Facts:** **THE TRIAL COURT DENIED PETITIONER'S RIGHT TO BOTH,[sic] DIRECT CROSS-EXAMINATION AND RE-CROSS EXAMINATION OF WITNESSES WHEN 1)[sic] IT FAILED TO EVER ALLOW DIRECT CONFRONTATION OF THE STATE'S ONLY CONFIDENTIAL INFORMANT AND DID NOT ONCE ALLOW PETITIONER'S TRIAL COUNSEL TO RE-CROSS EXAMINE CRITICAL TESTIMONY FROM WITNESSES WHERE THE STATE INTRODUCED NEW INCRIMINATING ASSERTIONS.**

**GROUND TWO:** **PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL TRIAL, U.S.C.A. CONST. AMEND. 5.**

**Supporting Facts:** **WHEN THE TRIAL COURT SUPPRESSED PREJUDICIAL EVIDENCE OF A KEY AROUND PETITIONER'S NECK UPON ARREST, IT WAS GROSS ERROR TO NOT DECLARE A MISTRIAL WHEN THE DETECTIVE TESTIFIED AT TRIAL AS TO THE KEY AROUND PETITIONER'S NECK.**

**GROUND THREE:** **THE TRIAL COURT EGREGIOUSLY ERRED WHEN IT ALLOWED UNLAWFUL REDACTMENT OF A VITAL FORENSIC LABORATORY REPORT.**

**Supporting Facts:** **AT THE CLOSE OF BOTH,[sic] THE STATE'S AND DEFENSE COUNSEL CASE TO THE JURY, IT WAS REVERSIBLE ERROR TO ALLOW REDACTION OF A FORENSIC LABORATORY REPORT WHERE THE JURY WAS NEVER APPRISED OF ANY TESTIMONY TO THE CONTRARY.  THE REPORT NEVER STATED PETITIONER'S NAME IN RELATION TO ANY OF THE DRUGS OR OTHER ITEMS SEIZED THEREBY, THERE WAS A VERY REAONABLE[sic] PROBABILITY THAT PETITIONER WOULD HAVE BEEN ACQUITTED OF ALL CHARGES IF NOT FOR THE UNLAWFUL REDACTMENT.**

**GROUND FOUR:** **PETITIONER'S RIGHT TO A FAIR AND IMPARTIAL TRIAL WERE SEVERED WHEN THE COURT ALLOWED AN UNAUTHENTICED[sic] RECORDING INTO EVIDENCE.**

**Supporting Facts:** **THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ALLOWED THE STATE TO PLAY AN UNAUTHENTICATED RECORDING OF PETITIONER'S CO-DEFENDANT, SYMPHONE SMITH, WHO WAS IN COUNTY CUSTODY AT THE TIME OF RECORDING.**

ECF Dkt. #1.  On November 8, 2013, Respondent filed a return of writ.  ECF Dkt. #6.  On November 25, 2014, Petitioner filed a traverse.  ECF Dkt. #7.

On December 12, 2013, Petitioner filed a motion to amend his federal habeas corpus petition. ECF Dkt. #8.  Petitioner asserted in this motion that the State court judgment upon which his original federal habeas corpus petition was based had been "voided" by the Summit County Court of Common Pleas as that court had resentenced him on November 8, 2013 pursuant to the Ohio appellate court's remand order.  *Id.*  He attached a copy of the journal entry. ECF Dkt. #8-1. Petitioner indicated in his motion to amend that while the original sentencing judgment had been vacated, "[n]one of the facts or circumstances have changed in relation to Petitioner's original petition per the new entry."  *Id.*  The undersigned granted Petitioner's unopposed motion.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. §2244(d)(1).  Respondent concedes that the instant petition is not time-barred.  ECF Dkt #6 at 12.

-10-

However, Respondent contends that Petitioner has procedurally defaulted all of the grounds for relief that he presents in the instant federal habeas corpus petition.

**B.  Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims.  553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372

-11-

U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

### C.    **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004), citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

> (1)    whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)    whether the state courts actually enforced the state procedural sanction;
>
> (3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
> (4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-424, 111 S.Ct. 850, 112 L.Ed. 2d 935 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson*, 384 F.3d at 313-314.

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court

-13-

need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).  A petitioner who is unable to show cause and prejudice may obtain habeas review only if denying such review would produce a fundamental miscarriage of justice, such as when new evidence suggests actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004).

## V.     LAW AND ANALYSIS

Respondent asserts that Petitioner has procedurally defaulted all of his grounds for relief because he failed to file a timely direct appeal to the Supreme Court of Ohio and that court denied his motion for delayed appeal. ECF Dkt. #6 at 18–20.  Petitioner asserts in his traverse that he could not have brought the instant grounds for relief any sooner because his motion for reopening had not been fully adjudicated as he was successful in reopening his appellate case and he was supposed to be sentenced on September 30, 2013, but was ultimately resentenced by the trial court on November 8, 2013.  ECF Dkt. #7 at 2-3.  2.  Petitioner does not assert in his traverse but had asserted in his motion for delayed appeal before the Supreme Court of Ohio that his appellate counsel promised to file a notice of appeal to that court but failed to do so.  ECF Dkt. #6-19.  The undersigned will address each of these assertions in turn.

### A.     NOVEMBER 8, 2013 RESENTENCING AND SUBSEQUENT PROCEEDINGS

Petitioner asserts that procedural default does not bar his grounds for relief in the instant petition because he was scheduled to be resentenced in the trial court after he successfully obtained a reopening of his case from the Ohio appellate court.  ECF Dkt. #7.  He concludes that the resentencing entry from the trial court is therefore the present judgment under which he is being restrained of his liberty for federal habeas corpus purposes in this case.  *Id.*

-14-

On December 12, 2013, Petitioner filed a motion to amend his federal habeas corpus petition in this Court, requesting that he be permitted to amend his petition to include the journal entry of resentencing showing that on November 8, 2013, he was resentenced by the trial court. ECF Dkt. #8. He asserted that no facts or circumstances had changed from his original federal habeas corpus petition based upon the new resentencing journal entry. *Id*. The undersigned granted Petitioner's unopposed motion to include this journal entry with Petitioner's federal habeas corpus petition.

As explained in more detail in the procedural history, *supra*, the Ohio appellate court issued an entry on August 14, 2013 indicating that it had granted Petitioner's motion to reopen and sustained his assignments of error relating to trial court error in imposing costs and fines. ECF Dkt. #6-28. In the first paragraph of its August 14, 2013 Decision sustaining the assignments of error, the Ohio appellate court stated that "[f]or the reasons set forth below, we vacate our prior decision and reverse." *Id*. at 1. The court was referring to vacating its March 30, 2012 decision in which it had affirmed the trial court's convictions upon Petitioner's direct appeal. *Id*. at 2; *see also* ECF Dkt. #s 6-15, 6-21.

As indicated by Petitioner's motion to amend his federal habeas corpus petition, the November 8, 2013 journal entry from the Summit County Common Pleas Court indicated that Petitioner was resentenced on September 30, 2013 pursuant to the Ohio appellate court's remand order. ECF Dkt. #8-1. The docket under this case number also shows that Petitioner appealed this resentencing judgment to the Ninth District Court of Appeals and that court affirmed the trial court's judgment on November 12, 2014. *See* Case Number CR-2010-08-2231 A in http://www.cpclerk.co.summit.oh.us. In its November 12, 2014 decision, the Ohio appellate court noted Petitioner's Rule 26(B) application and explained that in August 2013, it vacated its March 2012 decision, sustained Petitioner's assignments of error, and reversed and remanded his case for resentencing. *Id*.

The Ohio appellate court indicated that upon remand, the trial court held a new sentencing hearing and reimposed Petitioner's 11-year prison sentence, waived the imposition of costs due to Petitioner's indigence, and declined to impose the mandatory fine. *See* Case Number CR-2010-08-2231 A in http://www.cpclerk.co.summit.oh.us. The Ohio appellate court further indicated that

Petitioner appealed this new sentence in the appeal presently before it and raised five assignments of error.  *Id*. at 2.  The five assignments of error were presented as follows to the Ohio appellate court:

> I. THE TRIAL COURT DENIED TOMLINSON HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ALTERED EVIDENCE IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
>
> II. TOMLINSON'S POSSESSION OF COCAINE CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION[.]
>
> III. TOMLINSON'S POSSESSION OF COCAINE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.
>
> IV. THE TRIAL COURT ERRED BY IMPOSING FIVE YEAR SENTENCES FOR THIRD-DEGREE FELONY CONVICTIONS, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
>
> V. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UPON TOMLINSON, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10F THE OHIO CONSTITUTION.

*Id*. at 2-3.

The Ohio appellate court determined that it would not reach the merits of any of Petitioner's assignments of error because they were all beyond the scope of his resentencing.  *See* Case Number CR-2010-08-2231 A in http://www.cpclerk.co.summit.oh.us.  The court explained that it had determined in conjunction with the reopening of his appeal that the trial court erred in failing to comply with state statute when it imposed costs and it thus "reverse[d] the trial court's imposition of court costs and remand[ed] for the proper imposition of court costs in accordance with the requirements set forth" in the state statute.  *Id.* at 3.  The Ohio appellate court held that the trial court's failure to comply with the statute regarding costs did not render Petitioner's entire sentence void.  *Id.*, *citing State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22.  The appellate court further held that while it had also determined that the trial court erred by imposing a financial

sanction without determining Petitioner's ability to pay in violation of a former state statute, this also did not void his entire sentence but rather reversed Petitioner's sentence only as to this sanction and the imposition of costs. *Id*. at 4. The court held that because Petitioner's assignments of error had nothing to do with the fines and costs upon which it had remanded his case, they were outside of the scope of the appeal and therefore would not be addressed by the court. *Id*.

The undersigned notes that one of the judges in the Ohio appellate court opinion determining the merits of Petitioner's Rule 26(B) application raised an issue regarding the appellate court's decision to vacate the appellate court's entire original judgment which had affirmed Petitioner's convictions. Judge Carr explained that while she agreed that the matter should be remanded to the trial court for resentencing on the basis of the fines and costs errors, she would not have vacated the prior decision in the case which had affirmed Petitioner's convictions. ECF Dkt. #6-28 at 7. She cited to *State v. DeBruce,* No. 25574, 2012 WL 394138, 2012-Ohio-454 (Ohio 9th App. Dist., Feb. 8, 2012) in support. Further, in the most recent appellate court opinion, Judge Moore dissented, finding that the appellate court should have addressed all of Petitioner's assignments of error presented in the current appeal because it had granted his application to reopen and found that Petitioner was deprived of the effective assistance of appellate counsel, which does not limit itself to only the fines and costs issues. *See* Case Number CR-2010-08-2231 A in http://www.cpclerk.co.summit.oh.us.

The language in the August 14, 2013 decision in somewhat confusing, with the Ohio appellate court stating in its introduction that it was vacating its prior decision and reversing it, yet later stating in the decision states that it sustained Petitioner's first and third assignments of error and reversed "the trial court's imposition of court costs and remand[ing] for the proper imposition of court costs in accordance with the requirements set foth in R.C. 2947.23(A)(1)." ECF Dkt. #6-28 at 4. The court further sustained Petitioner's second error alleging the trial court's failure to consider his ability to pay a fine before imposing one in violation of state statute. *Id*. at 6. The court thereafter concluded that it was sustaining all of Petitioner's assignments of error and remanding "the matter to the Summit County Court of Common Pleas for proceedings consistent with this opinion" which only addressed fines and costs. *Id.*

For the following reasons, the undersigned recommends that the Court find that while the Ohio appellate court's August 14, 2013 decision was inartfully worded, it vacated only that part of its opinion concerning sentencing.  First, the Ohio appellate court's July 10, 2012 granting of Petitioner's Rule 26(B) application addressed and rejected all of Petitioner's assignments of error relating to his convictions and found that only his assertions concerning ineffectiveness of appellate counsel relating to the trial court's imposition of fines and costs created a genuine issue as to whether he was deprived of effective counsel.  ECF Dkt. #6-24 at 5-6.  Secondly, Petitioner's assignments of error presented to the Ohio appellate court which formed the basis of the August 14, 2013 opinion related to sentencing issues only as to the imposition of fines and costs.  ECF Dkt. #s 6-26, 6-28.  Third, the Ohio appellate court's references to *State v. DeBruce* in its August 14, 2013 remand decision lend support to a finding that the court meant only to remand to the trial court for resentencing on the fines and costs issues only.  ECF Dkt. #6-28.  Fourth, the trial court resentenced Petitioner only as to the fines and costs issues.  And finally, the Ohio appellate court's most recent decision of November 12, 2014 refused to address Petitioner's assignments of error, explaining that they were all beyond the scope of its remand order which was limited to the imposition of fines and costs.  Case Number CA-27181 in http://www.cpclerk.co.summit.oh.us.  Thus, contrary to Petitioner's assertion, the undersigned recommends that the Court apply the doctrine of procedural default to the Ohio appellate court's March 30, 2012 opinion that affirmed Petitioner's convictions. Whether procedural default actually bars Petitioner's grounds for relief is addressed in the next portion of this Report and Recommendation.

However, should the Court find that the August 14, 2013 Ohio appellate court opinion vacated that court's entire judgment of March 30, 2012, the undersigned recommends that the Court find that the grounds for relief in Petitioner's instant federal habeas corpus are unexhausted because Petitioner can still return to the Ohio Supreme Court for relief from the Ohio appellate court's November 12, 2014 opinion.

**B.     PROCEDURAL DEFAULT**

As indicated by Respondent, the record shows that Petitioner did present each of his grounds for relief before the Ohio appellate court on direct appeal.  ECF Dkt. #6-13 at 5-22.  The Ohio

appellate court addressed Petitioner's assertions in its March 30, 2012 decision and overruled each of them on the merits. ECF Dkt. #6-15.

However, Petitioner did not file a timely direct appeal to the Supreme Court of Ohio. Rather, he filed a motion for a delayed appeal with that court on August 17, 2012. ECF Dkt. #6-19. The Supreme Court of Ohio denied Petitioner's motion for delayed appeal. ECF Dkt. #6-20. In order to perfect an appeal to the Supreme Court of Ohio, a defendant must file a notice of appeal within 45 days from the entry of the judgment being appealed. Ohio S.Ct. Prac. R. 7.01(a)(1)(a)(i). Rule 7.01(a)(4) of the Ohio Supreme Court Rules of Practice provides that a defendant may file a motion for delayed appeal and a notice of appeal in a felony case when the time for filing a notice of appeal in the Supreme Court of Ohio has expired. Ohio S.Ct. Prac. R. 7.01(a)(4).

A federal habeas court is barred from considering issues that could have been raised in the state courts, but were not, and which may not be presented to those state courts due to procedural default or waiver. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The Sixth Circuit has recognized that the Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review. *Smith v. Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 431-432 (6th Cir.2006) (appellant failed to comply with Ohio Supreme Court Rules by not filing appeal within period set forth by those rules); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.2004) (*per curiam*), cert. denied, 543 U.S. 989, 125 S.Ct. 506, 160 L.Ed.2d 375 (2004).

As the Sixth Circuit explained in *Bonilla*, "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein). In this case, as in *Bonilla*, the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *See id.* In such circumstances, it must be assumed that the state court enforced the applicable procedural bar to review. *Id.* (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.1996)).

When a petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Bonilla*, 370 F.3d at 497. "Cause" for a

-19-

procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488).

Constitutionally ineffective assistance of counsel may constitute cause to overcome a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000)*; Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006). Petitioner in this case alleged in his motion for delayed appeal to the Ohio Supreme Court that his appellate counsel prevented him from timely filing an appeal to that court because counsel told Petitioner that he was going to file the appeal and failed to inform Petitioner that he did not do so. ECF Dkt. #6-19. However, ineffective assistance of counsel cannot constitute cause for a default at a stage where there is no Sixth Amendment right to counsel, such as in a Rule 26(B) motion or in the filing of a discretionary appeal to the Supreme Court of Ohio, where there is no constitutional entitlement to counsel. *Smith*, 463 F.3d at 433; *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005)(en banc). Further, a petitioner cannot use the ineffective assistance of appellate counsel as cause to excuse a procedurally defaulted claim when he has failed to present the claim of the ineffectiveness of appellate counsel as an independent claim or has otherwise procedurally defaulted that claim. *Smith*, 463 F.3d at 436; *Stout v. Warden, Toledo Corr. Inst.*, No. 3:12-CV-1415, 2014 WL 1682824, at *9 (N.D. Ohio, Apr. 17, 2014), quoting *Barkley*, 240 F.Supp.2d at 715 ("'Because [petitioner] failed to present this claim [of ineffective assistance of appellate counsel] as an independent claim to the state courts, it cannot constitute cause for [petitioner's] procedural default of his habeas claim."). Here, Petitioner had no constitutional right to counsel before the Supreme Court of Ohio and did not present the ineffectiveness of appellate counsel as a separate claim or as any claim beyond his motion for delayed appeal to the Ohio Supreme Court. Accordingly, the undersigned recommends that the Court find that Petitioner has failed to present cause to excuse his procedural default.

Nevertheless, even if Petitioner could establish cause to excuse his procedural default, the undersigned recommends that the Court find that he cannot establish resulting prejudice. In *Smith*, the Sixth Circuit found that the petitioner's counsel rendered constitutionally deficient performance

-20-

by failing to inform petitioner of the Ohio appellate court's decision in his case until three days before the expiration of his time for filing an appeal to the Ohio Supreme Court.  463 F.3d at 436. However, in determining whether the petitioner was prejudiced by counsel's deficient performance, the Sixth Circuit held that the relevant issue is whether "there is a reasonable probability that, but for counsel's deficient failure to notify [petitioner] of the Ohio Court of Appeals decision, [petitioner] would have timely appealed to the Ohio Supreme Court." *Smith*, 463 F.3d at 435 (internal quotation marks removed) (*quoting Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). "[I]f the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she 'would have timely appealed' the decision." *Id.* (emphasis in original) (citing *Flores–Ortega*, 528 U.S. at 485). Because the petitioner in *Smith* filed an appeal approximately five months after counsel notified him of the outcome of his appeal, the Court found that petitioner failed to establish that he was prejudiced by counsel's failure to notify him of the Ohio appellate court's decision and he could not rely on counsel's deficient performance to overcome his procedural default. *Id.* at 435-436.

Here, Petitioner fails to specify when he actually discovered that appellate counsel failed to file the notice of appeal to the Supreme Court of Ohio as allegedly promised.  However, he was aware that the Ohio appellate court had issued its decision and he knew that he had to appeal within a timely period as he alleged that he consulted with counsel concerning counsel filing the notice of appeal.  But Petitioner fails to provide any evidence that appellate counsel made a promise to file the notice of appeal.  And even accepting that such a promise was made and not fulfilled, Petitioner indicated that he waited over four months to hear from appellate counsel before he had anyone even check the docket of his case before the Ohio Supreme Court.  ECF Dkt. #6-19.  Yet during this time, Petitioner filed a Rule 26(B) application with the Ohio appellate court and mentioned nothing about his appellate counsel filing or failing to file a notice of appeal to the Supreme Court of Ohio and he even received a decision on the Rule 26(B) application before he decided to check the docket on the status of his own direct appeal to the Ohio Supreme Court.  The undersigned finds that this delay

by Petitioner, who apparently knew the court rules well enough to file a Rule 26(B) application, was beyond the 45-day filing period and therefore does not establish the requisite prejudice to overcome the procedural default of his grounds for relief.

Finally, Petitioner also cannot overcome the procedural default of his claims on the basis of a fundamental miscarriage of justice because he has not presented any evidence that he was "actually innocent." *Dretke*, 541 U.S. at 393.

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his grounds for relief and has failed to establish cause and prejudice or a fundamental miscarriage of justice in order to overcome the procedural default.

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: December 2, 2014                      */s/ George J. Limbert*                          
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).