# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DARREN TOMLINSON,** ) | CASE NO.  5:13 CV 1808 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MARGARET BRADSHAW, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert.  (**Doc #: 9** (hereafter, the "R&R").)  Magistrate Judge Limbert recommends that the Court dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by *pro se* Petitioner Darren Tomlinson.  (**Doc #: 1** (hereafter, the "Petition" or "§ 2254 Petition").  Tomlinson has timely filed Objections to the R&R.  **(Doc #: 11.)**  For the reasons set forth below, the Court overrules Tomlinson's Objections and denies his § 2254 Petition.

**I.**

On March 23, 2011, a jury convicted Tomlinson of two counts of cocaine possession in violation of Ohio Revised Code ("ORC") § 2925.11 (A)(C)(4), with criminal forfeiture specifications; two counts of having weapons while under disability in violation of ORC § 2923.13(A)(3); and one count of possessing criminal tools in violation of ORC § 2923.24.  The trial court sentenced him to an aggregate term of eleven years in prison.  The court also ordered Tomlinson to pay a $2,500.00 fine plus the costs of prosecution and attorneys fees.

Tomlinson appealed his conviction by filing a timely notice of appeal to the Ninth

District Court of Appeals ("Court of Appeals"). On March 30, 2012, the Court of Appeals affirmed Tomlinson's conviction, and on August 17, 2012, Tomlinson filed *pro se* an untimely notice of direct appeal in the Ohio Supreme Court and a motion for leave to file a delayed appeal. On October10, 2012, the Ohio Supreme Court denied Tomlinson's motion to file a delayed appeal.

On June 21, 2012, before Tomlinson filed his motion for leave to file a delayed appeal in the Ohio Supreme Court, Tomlinson, *pro se,* filed an application in the Court of Appeals to reopen his direct appeal pursuant to Ohio App. R. 26(B) alleging that his appellate counsel had been constitutionally ineffective. On June 25, 2012, Tomlinson filed a motion for leave to file an amended application for reopening. On July 10, 2012, the Court of Appeals granted Tomlinson's motion for leave and considered his amended application for reopening. The Court of Appeals then addressed Petitioner's assignments of error and rejected all of them except the assertion that his appellate counsel was ineffective in failing to advance the issue that the trial court failed to inform Petitioner at the sentencing of his obligation to pay costs. The court granted Petitioner's amended application for reopening only on that issue and reinstated Petitioner's appeal. On August 14, 2013, the Court of Appeal issued a "Decision and Journal Entry" in which it vacated its prior opinion with respect to two issues:

> Mr. Tomlinson essentially asserts in his first and third assignments
> of error that the trial court failed to comply with R.C. 2947.23 in
> imposing costs by (1)failing to notify him that he would be required
> to pay costs and, (2) not notifying him of the consequences of failing
> to pay costs. We agree.

(Doc. # 6-28)

-2-

On September 30, 2013, the Summit County Common Please Court resentenced Tomlinson.  The trial court reimposed Tomlinson's eleven year prison sentence, waived the imposition of costs due to Petitioner's indigence, and declined to impose the mandatory fee.  Tomlinson appealed the trial court's resentencing judgement to the Ninth District Court of Appeals, and, on November 12, 2014, the Court of Appeals affirmed the trial court's judgment.

On August 12, 2013, Tomlinson filed *pro se* the instant § 2254 Petition in which he raises the following grounds for relief:

> **GROUND ONE**: Complete denial of cross-examination of crucial witnesses, in violation of Sixth and Fourteenth Amendments.
>
> **GROUND TWO**: Petitioner was denied his constitutional right to a fair and impartial trial.
>
> **GROUND THREE**: The trial court egregiously erred when it allowed unlawful redactment of a vital forensic laboratory report.
>
> **GROUND FOUR:** Petitioner's right to a fair and impartial trial were severed when the court allowed an unauthenticed [sic] recording into evidence.

In the R&R, Magistrate Judge Limbert recommends dismissing Hamrick's § 2254 Petition as barred by procedural default.  The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement.  *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977)).  Here, Tomlinson presented each of the above grounds to the Court of Appeals but did not file a timely appeal to the Ohio Supreme Court.  In order to perfect an appeal to the Ohio Supreme Court, a defendant must file a notice of appeal within 45 days from the entry of the judgment being appealed.  On March 30, 2012, the Court of Appeals addressed the above grounds and affirmed Tomlinson's conviction, but Tomlinson did not appeal the Court of Appeals' judgment to the Ohio Supreme

Court until August 17, 2012, well beyond 45 days from March 30, 2012.

After Magistrate Judge Limbert determined that Tomlinson's § 2254 Petition was procedurally defaulted, he considered whether Tomlinson should be excused for failing to comply with the applicable state procedural rule.  Federal courts can excuse a petitioner's failure to comply with state procedural rules if the petitioner can show cause for not following the procedural rule.  *Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2010) (citing *Maupin v. Smilth,* 785 F.2d 135, 138 6th Cir. 1986).   Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray c. Carrier,* 477 US 478, 494-95 (1986).  In Tominson's motion for delayed appeal to the Ohio Supreme Court, he argued that extraordinary circumstances existed for his delayed filing because his appellate counsel told him that counsel would file a notice of appeal to the Ohio Supreme Court, and that he later discovered that his counsel never filed the appeal.  In the R&R, Magistrate Judge Limbert rejects this argument as a reason for excusing Tomlinson's failure to timely file a notice of appeal.  Magistrate Judge Limbert notes that "ineffective assistance of counsel cannot constitute cause for a default at a stage where there is no Sixth Amendment right to counsel, such as in a Rule 26(B) motion or in the filing of a discretionary appeal to the Supreme Court of Ohio."  (R&R, Doc. #9 at 20) (citing *Smith v. State of Ohio Dep't of Rehab. & Cor*., 463 F.3d 426, 432) (6th Cir. 2006).

In his Objections, Tomlinson does not explain why he should be excused from failing to comply with the appropriate procedural rules other than to note that "when the Ninth District Court of Appeals reversed and remanded petitioner's case on the basis of costs, that court found

petitioner's appellate counsel to be ineffective." (Doc. # 11 at 1). However, as noted above, ineffective assistance of appellate cannot constitute cause for a procedural default at a stage of the proceedings where there is no Sixth Amendment right to counsel, such as in the filing of a discretionary appeal to the Supreme Court of Ohio. *See Mooney v. Ohio,* 2012 WL 4718587, * 1 (N.D. Ohio 2012) ("Petitioner had no constitutional right to counsel on his discretionary appeal, rendering any claim of ineffective assistance of counsel in the Supreme Court of Ohio a meritless ground upon which to base his procedural default.)

## II.

Based on the foregoing, the Court **OVERRULES** Tomlinson's Objections **(Doc #: 11)**, **ADOPTS** the Magistrate Judge's R&R **(Doc #: 9)**, and **DENIES** the § 2254 Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     January 7, 2015*
**Dan Aaron Polster**
**United States District Judge**